UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BEAU ASHLEY DERISE | CIVIL ACTION NO. 6:21-CV-00070 |
| | CIVIL ACTION NO. 6:21-CV-00072 |
| | CIVIL ACTION NO. 6:21-CV-00365 |
| | CIVIL ACTION NO. 6:21-CV-00367 |
| | CIVIL ACTION NO. 6:21-CV-00369 |
| | CIVIL ACTION NO. 6:21-CV-00371 |
| | CIVIL ACTION NO. 6:21-CV-00397 |
| | CIVIL ACTION NO. 6:21-CV-00434 |
| | CIVIL ACTION NO. 6:21-CV-00781 |
| | CIVIL ACTION NO. 6:21-CV-00801 |
| | CIVIL ACTION NO. 6:21-CV-00807 |
| | CIVIL ACTION NO. 6:21-CV-00902 |
| | CIVIL ACTION NO. 6:21-CV-00908 |
| VERSUS | JUDGE SUMMERHAYS |
| LA DEPT. OF PUBLIC SAFETY, AND CORRECTIONS ET AL. | MAGISTRATE JUDGE WHITEHURST |

**REPORT AND RECOMMENDATION**

In each of the captioned lawsuits, *pro se* plaintiff Beau Ashley Derise filed a complaint and a motion for leave to proceed *in forma pauperis*. The complaints were screened under 28 U.S.C. § 1915(e)(2)(B) to determine whether the actions are frivolous, malicious, or fail to state a claim upon which relief may be granted. This Court also undertook a *sua sponte* review of the court's subject-matter jurisdiction over this action. For the reasons fully explained below, it is recommended that the

above-captioned cases should be dismissed for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted.

After filing his first lawsuit at Docket No. 6:21-cv-00069, Mr. Derise filed twenty-seven additional lawsuits. For the reasons fully explained below, it is recommended that all of the suits assigned to this Magistrate Judge, i.e, the thirteen listed in the caption, above, should be dismissed, and it is further recommended that Mr. Derise should be barred from filing any further lawsuits in this court without first obtaining leave to do so.

## Background

In the complaint filed in Civil Action No. 6:21-cv-00069, Mr. Derise asserted claims against a single defendant, Acadian Companies, which apparently harken back to his having been in a motor vehicle accident in 2015. Although Mr. Derise alleged that the court has subject-matter jurisdiction over the lawsuit because the parties are diverse in citizenship and the amount in controversy exceeds the statutory minimum, he alleged that both he and the defendant are Louisiana citizens. Mr. Derise also alleged that Acadian Companies was involved in federal fraud and terrorism and conspired with Allstate Insurance to end his life.

The complaint's allegations are similar to those in two previous complaints filed by Mr. Derise. In May 2019, he filed a complaint against Allstate Insurance and a Louisiana State Police officer in the suit assigned Civil Action No. 6:19-cv-

00635, which appears to have arisen out of the same motor vehicle accident. Mr. Derise claimed at that time that he had been involved in a motor vehicle accident, that Allstate made payments regarding a car that was not involved in the accident, and that a police officer was listed as both the investigating officer and the driver of a vehicle in the accident. He claimed that local police and ambulance service personnel followed him and harassed him after the accident. He alleged that "these people worked together to ruin my life, defame my character, and ultimately tried to have me falsely arrested. . . ."[1] That suit was dismissed because the plaintiff did not timely serve the defendants.[2]

In September 2019, Mr. Derise filed a lawsuit against Acadian Ambulance Corporation, which was assigned Civil Action No. 6:19-cv-01289. He again alleged that he was involved in an automobile accident in September 2015 and that, afterwards, he was followed by Allstate and Acadian Ambulance personnel. He further alleged that they attempted to steal his identity, to kill him, and to turn people against him. He alleged that they paid government officials not to hear his

---

[1] Rec. Doc. 1 at 4 in Civil Action No. 6:19-cv-00635.

[2] Rec. Doc. 7 in Civil Action No. 6:19-cv-00635.

complaints, hacked his cell phone, denied him food stamps, and gave him illnesses including AIDS. The suit was dismissed for lack of subject-matter jurisdiction.[3]

Mr. Derise resurrected his earlier allegations and amplified them in the complaint filed in Civil Action No. 6:21-cv-00069. He claimed that, after the 2015 automobile accident, Allstate hired a private investigator named Thad Efferson to end his life, that the investigator kidnapped him in a replica police vehicle, tried to electrocute him with handcuffs, and transported him to the Lafayette Parish Correctional Center. He alleged that the investigator then followed him to Baton Rouge, injected him with Fentanyl and tried to overdose him. He alleged that after he returned to Lafayette, the investigator used ambulance equipment including a defibrillator to try to electrocute him. He alleged that after he filed his first lawsuit, he was arrested on a misdemeanor charge and because the investigator did not appear in court, he remained in jail until April 2020. He alleged that while he was incarcerated, broadcasting equipment in the jail was linked to transmitters in his ears and the investigator was using ISIS-style communications and high-pitched frequencies to try to get him to commit suicide. He alleged that he was arrested again later and forced to endure the broadcasts during a 24-hour lockdown in the correctional center. He alleged that the investigator tried to get him to end his life

---

[3] Rec. Docs. 6, 8 in Civil Action No. 6:19-01289.

to protect federal fraud, placed fraud documents in his mailbox, and was involved along with Acadian Ambulance in a form of street terrorism. He alleged that Acadian Ambulance and Acadian Air Med tried to have him arrested and placed in a jail with illegal broadcasting equipment. He alleged that the Acadian Companies are involved in corporate gangstalking, federal fraud, and terrorism.

But that is not all. Mr. Derise has now filed several additional lawsuits:

| | |
|---|---|
| 6:21-cv-00070 -RRS-CBW | Derise v. Public Safety& Corrections, et al. |
| 6:21-cv-00072-RRS-CBW | Derise v. Allstate Insurance |
| 6:21-cv-00198-RRS-CBW | Derise v. Trump |
| 6:21-cv-00249-RRS-PJH | Derise v. John M. Shaw U.S. Courthouse |
| 6:21-cv-00251-MJJ-PJH | Derise v. Chase Bank |
| 6:21-cv-00365-JDC-CBW | Derise v. University of Louisiana at Lafayette, et al. |
| 6:21-cv-00367-MJJ-CBW | Derise v. World Bank of Hong Kong |
| 6:21-cv-00368-MJJ-PJH | Derise v. 15th Judicial District Court |
| 6:1-cv-00369-RRS-CBW | Derise v. Shell Oil Station |
| 6:21-cv-00371-RRS-CBW | Derise v. New Iberia District Court |
| 6:21-cv-00374-JDC-PJH | Derise v. Hilton Garden Inn/Cajundome, et al. |
| 6:21-cv-00396-MJJ-PJH | Derise v. Lafayette |
| 6:21-cv-00397-MJJ-CBW | Derise v. Lafayette General Medical Center |
| 6:21-cv-00433-RRS-PJH | Derise v. Racetrac Corp |
| 6:21-cv-00434-RRS-CBW | Derise v. Lafayette Parish Sheriff Office |
| 6:21-cv-00437-RRS-PJH | Derise v. Dep't of Health & Hospitals, et al. |
| 6:21-cv-00448-RRS-PJH | Derise v. Ochsner University Hospital Clinics |
| 6:21-cv-00457-MJJ-PJH | Derise v. Walmart Corp |
| 6:21-cv-00781-MJJ-CBW | Derise v. Kingdom House Sober Living |
| 6:21-cv-00796-RRS-PJH | Derise v. Oceans Behavioral Hospital |
| 6:21-cv-00801-RRS-CBW | Derise v. Seaside Hospital |
| 6:21-cv-00803-MJJ-PJH | Derise v. St. Vincent DePaul Catholic Men's Shelter |
| 6:21-cv-00806-MJJ-PJH | Derise v. Dominoes Pizza |
| 6:21-cv-00807-RRS-CBW | Derise v. Lafayette Public Library |
| 6:21-cv-00819-MJJ-PJH | Derise v. LaQuinta Inn |

| | |
|---|---|
| 6:21-cv-00902-RRS-CBW | Derise v. Waste Management |
| 6:21-cv-00908-RRS-CBW | Derise v. Fed Ex Ship Center |

The allegations asserted in all of the listed lawsuits are rambling, largely incoherent, and presented in a stream-of-consciousness style. While the allegations in each of these cases are a little different, there are common threads. Most if not all of the complaints refer back to the 2015 accident and mention Acadian Ambulance, Allstate Insurance, or Thad Efferson, Allstate's private investigator who allegedly tried to kill Mr. Derise. There are allegations that the defendants stalked Mr. Derise, had him arrested on false charges, and tried to get him to commit suicide. There are repeated allegations about high frequency sounds, sometimes attributing the sounds to devices implanted in his ears or played over ISIS-related or COVID-19-related speakers or sound systems. No allegations at all were set forth in the complaint filed in Civil Action No. 6:21-cv-00806, but the words "terrorism" and "corporate gangstalking"[4] were placed in the blank calling for a cause of action on the civil cover sheet. Indeed, all of the complaints allege terrorism and gangstalking.

---

[4] "Gangstalking" is alleged by "targeted individuals" who claim to be "followed, surveilled, harassed, and otherwise victimized by unknown forces wielding high-tech weapons or 'mind control.'" Psychology Today, https://www.psychologytoday.com/us/blog/psych-unseen/202010/gang-stalking-real-life-harassment-or-textbook-paranoia (last visited Apr. 9, 2021).

## Law and Analysis

### A. Leniency for Pro Se Litigants

Mr. Derise is not represented by counsel. The pleadings of *pro se* litigants are held to a more lenient standard than those of attorneys[5] and are construed liberally to prevent a loss of rights that might result from inartful expression.[6] However, *pro se* plaintiffs are required to plead factual allegations that rise above a speculative level,[7] and courts should not create causes of action where none exist.[8] A *pro se* litigant should ordinarily be offered an opportunity to amend his complaint before it is dismissed,[9] but leave to amend is not required if an amendment would be futile, or if, in other words, an amended complaint would still fail to survive a Rule 12(b)(6) motion to dismiss.[10] Furthermore, pro se litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded

---

[5] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

[6] *Cledera v. United States*, 834 Fed. App'x 969, 972 (5th Cir. 2021) (citing *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006)).

[7] *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016); see, also, *Taylor v. Books A Million, Inc.*, 296 F.3d at 378.

[8] *Cledera v. United States*, 834 Fed. App'x at 972); *Smith v. CVS Caremark Corp.*, No. 3:12-CV-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

[9] *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

[10] *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014).

court dockets."[11]  Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period."[12]

## B.  Screening of Complaints Filed *In Forma Pauperis*

Mr. Derise filed motions for *in forma pauperis* status along with his complaints.  An indigent person may bring an *in forma pauperis* action in federal court without paying costs.[13]  District courts screen such complaints and may dismiss them at any time if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[14]  A dismissal "at any time" includes dismissal at the initiation of the action, before the defendant has appeared.[15]  This "discourage[s] the filing of, and waste of judicial and private resources upon, baseless lawsuits"[16] and "spare[s] prospective defendants the inconvenience and expense of answering such complaints."[17]  A court must not

---

[11]    *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

[12]    *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

[13]    28 U.S.C. § Section 1915(a)(1).

[14]    28 U.S.C. § 1915(e)(2).  See, also, *Smilde v. Snow*, 73 Fed. App'x 24, 25 (5th Cir. 2003).

[15]    *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

[16]    *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[17]    *Neitzke v. Williams*, 490 U.S. at 324.

dismiss a complaint simply because the facts presented by the plaintiff appear to unlikely.[18] However, a complaint must allege a set of facts sufficient "to state a claim. . . that is plausible on its face."[19] Therefore, a district court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those that clearly lack any basis in fact.[20]

District courts are vested with especially broad discretion in determining whether a dismissal for frivolousness is warranted in cases brought by plaintiffs *in forma pauperis*,[21] and dismissal is appropriate if a complaint has no "realistic chance of ultimate success"[22] or is "clearly baseless."[23] A complaint is frivolous if it "lacks an arguable basis either in law or in fact."[24] A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory,"[25] while factually

---

[18] *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

[19] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[20] *Denton v. Hernandez*, 504 U.S. at 32 (citing *Neitzke v. Williams*, 490 U.S. at 327).

[21] *Green v. McKaskle*, 788 F.2d at 1119.

[22] *George v. King*, 837 F.2d 705, 707 (5th Cir. 1988) (quoting *Green v. McKaskle*, 788 F.2d at 1120).

[23] *Denton v. Hernandez*, 504 U.S. at 32.

[24] *Brewster v. Dretke*, 587 F.3d at 767; *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

[25] *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013); *Talib v. Gilley*, 138 F.3d at 213.

frivolous claims are those in which the facts alleged are clearly baseless, fanciful, fantastic, delusional, irrational, or wholly incredible.[26]

In determining whether a complaint filed by a plaintiff proceeding *in forma pauperis* fails to state a claim, the court should apply the same standards governing dismissals under Fed. R. Civ. P. 12(b)(6).[27] Thus, the court must limit itself to the contents of the pleadings, accept all well-pleaded facts as true, view the facts in a light most favorable to the plaintiff,[28] and determine whether the plaintiff has plead "enough facts to state a claim to relief that is plausible on its face."[29]

## C. <u>Available Sanctions</u>

Litigants who file frivolous pleadings may be sanctioned. Under Fed. R. Civ. P. 11(b), litigants have an obligation to make only nonfrivolous arguments to support their factual contentions with evidentiary support. Violations of this rule subject a litigant to sanctions, including non-monetary ones, with the goal of "deter[ring] repetition of the conduct."[30] This rule gives district courts wide discretion in

---

[26] *Talib v. Gilley*, 138 F.3d at 213 (clearly baseless); *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (irrational or wholly incredible); *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995) (fanciful, fantastic, delusional).

[27] *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

[28] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[29] *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[30] Fed. R. Civ. P. 11(c)(4).

determining what sanctions are appropriate.[31] A court may order a party to show cause why conduct has not violated Rule 11 and impose sanctions *sua sponte*.[32]

Federal courts also have the inherent power to sanction abusive litigation practices "to protect the efficient and orderly administration of justice and. . . to command respect for [their] orders, judgments, procedures, and authority."[33] Within this inherent authority is the ability to issue a prefiling injunction to deter vexatious filings with the court.[34] "A district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation."[35] If issued, a prefiling injunction must be tailored to preserve the legitimate rights of litigants while also protecting the courts and innocent parties.[36] When determining whether the imposition of a prefiling injunction would be appropriate, the court must weigh all relevant circumstances, including four main factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties

---

[31] *Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001).

[32] Fed. R. Civ. P. 11(c)(3).

[33] *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).

[34] *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008).

[35] *Baum v. Blue Moon Ventures, LLC*, 513 F.3d at 187.

[36] *Baum v. Blue Moon Ventures, LLC*, 513 F.3d at 187; *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986).

resulting from the party's filings; and (4) the adequacy of alternative sanctions.[37]

Notice and a hearing are required if the district court *sua sponte* imposes a prefiling injunction.[38]

### D.  Spears Hearing

Having found that Mr. Derise's complaints are vexatious, this Court ordered that he appear in court on April 8, 2021 in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and 28 U.S.C. § 1915(e)(2)(B).[39] The order was cross-noticed in all Mr. Derise's lawsuits that had been filed at the time it was issued. This Court's intention was to give Mr. Derise an opportunity to clarify the allegations set forth in his complaints since relevant testimony during a *Spears* hearing that is related to the essential allegations of the plaintiff's complaint is incorporated into the pleadings.[40] It was also this Court's intention to warn Mr. Derise that his continued filing of frivolous lawsuits would be met with serious consequences. Mr. Derise did not appear in court as ordered, and a transcript of the hearing was filed into the record of each of Mr. Derise's lawsuits.

---

[37]    *Baum v. Blue Moon Ventures, LLC*, 513 F.3d at 189.

[38]    *Baum v. Blue Moon Ventures, LLC*, 513 F.3d at 189.

[39]    Rec. Doc. 3. in Docket No. 6:21-cv-00069.

[40]    *Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996).

### E.     Subject-Matter Jurisdiction

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[41] They have subject-matter jurisdiction only over civil actions presenting a federal question and those in which the amount in controversy exceeds $75,000 and the parties are citizens of different states.[42] Federal courts may raise the issue of subject-matter jurisdiction *sua sponte* at any time[43] and must dismiss an action if subject-matter jurisdiction is lacking.[44] A district court may dismiss a case for lack of subject-matter jurisdiction on the basis of the complaint alone.[45]

In the complaint in Civil Action No. 6:21-cv-00069, Mr. Derise alleged that the court has jurisdiction over this matter under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds $75,000. But he alleged that he and the defendant are citizens of the same state. Therefore, he failed to establish that the court has diversity jurisdiction.

---

[41]     *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994).

[42]     28 U.S.C. § 1331; 28 U.S.C. § 1332.

[43]     *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n. 5 (5th Cir.2005) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999)).

[44]     Fed. R. Civ. P. 12(h)(3); *Doe v. United States*, 853 F.3d 792, 798 (5th Cir. 2017).

[45]     *St. Tammany Parish v. FEMA*, 556 F.3d 307, 315 (5th Cir. 2009) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

Mr. Derise also failed to establish that the court has federal-question jurisdiction under 28 U.S.C. § 1331. Federal-question jurisdiction exists when the plaintiff's claims "arise under the Constitution, laws, or treaties of the United States."[46] Whether a claim arises under federal law so as to confer federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[47] A *pro se* complaint must comply with the well-pleaded complaint rule.[48]

Mr. Derise alleged that the defendant was involved in "federal fraud and terrorism" and conspired with another party to end his life. He also suggested that he was improperly arrested and subjected to harsh conditions while incarcerated. However, he did not mention a single federal statute that he claims was violated. His complaint contains conclusory allegations that the defendant is liable for crimes such as stalking, kidnapping, and attempted murder, but did not identify any federal statutes that might provide civil remedies for the alleged crimes. His complaint is

---

[46] 28 U.S.C. § 1331.

[47] *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188 (5th Cir. 2001) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

[48] See, e.g., *Vela v. Manning*, 469 Fed. App'x 319, 321 (5th Cir. 2012); *McGee v. McGee*, No. 18-cv-0807, 2018 WL 3342060, at *2 (W.D. La. June 21, 2018), report and recommendation adopted 2018 WL 3341793 (W.D. La. July 6, 2018); *Allsbrook v. Osbourn*, No. 18-cv-0330, 2018 WL 3041195, at *2 (W.D. La. Mar. 29, 2018), report and recommendation adopted, 2018 WL 3040018 (W.D. La. June 19, 2018).

lacking in specific facts supporting his claims. Because the plaintiff failed to present a plausible federal-law claim on the face of his complaint, he failed to establish that the court has subject-matter jurisdiction over this action.

The plaintiff's complaint did not establish that the court has subject-matter jurisdiction over this matter, either due to diversity of citizenship or the presentation of a federal question. The complaint should therefore be dismissed for lack of subject-matter jurisdiction. Furthermore, this same analysis is equally applicable to every lawsuit that is listed above and assigned to this Magistrate Judge.

### F.    The Complaint Does Not State a Plausible, Nonfrivolous Claim

In each of the captioned lawsuits, Mr. Derise asserted claims that are clearly baseless. He did not articulate a legal theory with any plausible merit, nor did he articulate any factually nonfrivolous claims. He did not allege facts supporting his conclusory contentions that the various defendants stalked him, tried to kill him, implanted speakers in his ears, engaged in terrorism, falsely arrested him, falsely imprisoned him, used ISIS-style communications, transmitted high-pitched sounds, or engaged in fraud. To the contrary, Mr. Derise's complaints contain rambling, irrational, and nonsensical allegations, and they lack concrete factual allegations sufficient to establish nonfrivolous claims. His allegations can be characterized as fanciful, fantastic, and delusional. The complaints contain insufficient factual matter

to support an inference that the defendants are liable for the alleged misconduct. Therefore, Mr. Derise failed to state a plausible claim on which relief can be granted.

Furthermore, this Court is persuaded that allowing Mr. Derise to amend his complaints would be futile. He has now filed many complaints, all seeming to begin with the 2015 automobile accident, and all of which are similarly rambling. In essence, he has already made multiple attempts to articulate his claims, and each attempt is as difficult to comprehend as the others. He was offered an opportunity to clarify his complaints by testified in court at a *Spears* hearing, but he failed to appear. Therefore, another attempt at a clear articulation of his claims is unnecessary.

For these reasons, this Court recommends that his complaint should be dismissed for failure to state a claim on which relief can be granted. Furthermore, due to Mr. Derise's vexatious litigation history, this Court recommends that Mr. Derise should be sanctioned and barred from proceeding *in forma pauperis* in any civil action in this court – whether he files the civil action in this court, he files it in another court and it is removed to this court, or he files it in another federal court and it is transferred to this court – without first obtaining leave of court to do so.

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that Mr. Derise's complaint should be dismissed for lack of subject-matter jurisdiction;

IT IS FURTHER RECOMMENDED that Mr. Derise's complaints should be dismissed for failure to state a plausible, nonfrivolous claim on which relief can be granted; and

IT IS FURTHER RECOMMENDED that Mr. Derise should be warned that the filing of any additional frivolous lawsuits will result in his being ordered to show cause why he should not be placed on the list of sanctioned/barred litigants for this district, so that he is barred from filing any action in the United States District Court for the Western District of Louisiana without first obtaining the approval and authorization of the chief judge.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized

by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[49]

Signed at Lafayette, Louisiana, this 13th day of April, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

---

[49] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).